**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard George Ireland,<br><br>    Plaintiff,<br><br>v.<br><br>Maricopa County Board of Supervisors, et al.,<br><br>    Defendants. | No. CV-19-02770-PHX-SRB (ESW)<br><br>**ORDER** |

The Court has reviewed Plaintiff's "Motion for Appointment of Counsel" (Doc. 13). There is no constitutional right to the appointment of counsel in a civil case. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982)). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, the Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. His filings in this case demonstrate his ability to clearly articulate his position to the Court. His case is not complex. Accordingly,

**IT IS ORDERED** denying Plaintiff's "Motion for Appointment of Counsel" (Doc. 13).

Dated this 25th day of February, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge